Filed 11/7/14  P. v. Colin CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SOCORRO VIDAL COLIN,<br><br>    Defendant and Appellant. | D064745<br><br><br><br>(Super. Ct. No. SCN310433) |

APPEAL from a judgment of the Superior Court of San Diego County, Sim von Kalinowski, Judge.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Anthony DaSilva and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant Socorro Vidal Colin of possession of heroin for sale (Health & Saf. Code, § 11351), two counts of felonious child abuse (Pen. Code, § 273a,

subd. (a)), and possession of methadone (Health & Saf. Code, § 11350, subd. (a)). On appeal, Colin argues the court erred by admitting certain statements she made to police when she was initially arrested because those statements were obtained in violation of her *Miranda*[1] rights.

## FACTUAL BACKGROUND

The parties contested the admissibility of specific statements made by Colin to a detective after she had been placed in custody, and the trial court conducted a pretrial hearing under Evidence Code section 402 to determine admissibility. At the hearing, Detective Arnotti testified he contacted Colin at a vehicle stop initiated by another officer. Arnotti ultimately removed her from her vehicle and handcuffed her. He then admonished her with her *Miranda* rights, which he read line-by-line from his police department's handbook and, after reading her each right, he asked Colin if she understood the right read to her, and she said "yes." He then told her she was being arrested on an outstanding traffic warrant. He asked whether there were any drugs in her vehicle, and she responded there was drug paraphernalia. Just prior to or while he searched the car, he also asked her other questions that elicited additional statements admitted against her at trial. The court found the *Miranda* admonitions adequately apprised Colin of her *Miranda* rights, and she knowingly and voluntarily waived those rights by her conduct in speaking to the detective after receiving those warnings.

---

[1] *Miranda v. Arizona* (1966) 384 U.S. 436.

LEGAL FRAMEWORK

In *People v. Williams* (2010) 49 Cal.4th 405, 425, the California Supreme Court provided a summary of the law governing *Miranda* claims:

> "The [United States Supreme Court] has stated in summary that to counteract the coercive pressure inherent in custodial surroundings, '*Miranda* announced that police officers must warn a suspect prior to questioning that he has a right to remain silent, and a right to the presence of an attorney. [Citation.] . . . Critically, however, a suspect can waive these rights. [Citation.] To establish a valid waiver, the State must show that the waiver was knowing, intelligent, and voluntary under the "high standar[d] of proof for the waiver of constitutional rights [set forth in] *Johnson v. Zerbst* [1938] 304 U.S. 458 . . . ." ' "

In *Berghuis v. Thompkins* (2010) 560 U.S. 370, 384 (*Berghuis*), the United States Supreme Court held, "Where the prosecution shows that a *Miranda* warning was given and that it was understood by the accused, an accused's uncoerced statement establishes an implied waiver of the right to remain silent." The *Berghuis* court acknowledged that, "Some language in *Miranda* could be read to indicate that waivers are difficult to establish absent an explicit written waiver or a formal, express oral statement" (*id*. at p. 383), but then explained, "The course of decisions since *Miranda,* informed by the application of *Miranda* warnings in the whole course of law enforcement, demonstrates that waivers can be established even absent formal or express statements of waiver that would be expected in, say, a judicial hearing to determine if a guilty plea has been properly entered." (*Ibid*.) *Berghuis* explained prior case law established that courts may find an implied waiver of *Miranda* rights, and therefore held, "The prosecution therefore does not need to show that a waiver of *Miranda* rights was express. An 'implicit waiver'

3

of the 'right to remain silent' is sufficient to admit a suspect's statement into evidence." (*Berghuis,* at p. 384.)

The *Berghuis* court emphasized the key to finding an implied waiver of *Miranda* rights where a *Miranda* warning has been given is evidence that the accused *understood* those rights: "If the State establishes that a *Miranda* warning was given and the accused made an uncoerced statement, this showing, standing alone, is insufficient to demonstrate 'a valid waiver' of *Miranda* rights. [Citation.] The prosecution must make the additional showing that the accused understood these rights." (*Berghuis, supra,* 560 U.S. at p. 384.) The *Berghuis* court summarized its holding by stating, "In sum, a suspect who has received and understood the *Miranda* warnings, and has not invoked his *Miranda* rights, waives the right to remain silent by making an uncoerced statement to the police." (*Id.* at pp. 388-389.)

In the *Miranda* arena, " '[t]he prosecution bears the burden of demonstrating the validity of the defendant's waiver by a preponderance of the evidence.' [Citations.] In addition, '[a]lthough there is a threshold presumption against finding a waiver of *Miranda* rights [citation], ultimately the question becomes whether the *Miranda* waiver was [voluntary,] knowing [,] and intelligent under the totality of the circumstances surrounding the interrogation.' [Citation.] On appeal, we conduct an independent review of the trial court's legal determination and rely upon the trial court's findings on disputed facts if supported by substantial evidence." (*People v. Williams, supra,* 49 Cal.4th at p. 425.)

4

ANALYSIS

At the Evidence Code section 402 hearing, the People presented evidence that Detective Arnotti read a full and proper *Miranda* admonishment to Colin, she understood the admonishment, and she provided uncoerced statements to Arnotti immediately after being advised of those rights. These facts strongly support a finding of waiver. (See *Berghuis, supra,* 560 U.S. at pp. 388-389 ["In sum, a suspect who has received and understood the *Miranda* warnings, and has not invoked his *Miranda* rights, waives the right to remain silent by making an uncoerced statement to the police"]; accord, *People v. Nelson* (2012) 53 Cal.4th 367, 375 ["Fifteen-year-old defendant's] voluntary responses to the deputies' subsequent questions indicate he understood his *Miranda* rights and waived them."]; *People v. Lessie* (2010) 47 Cal.4th 1152, 1169 ["While defendant did not expressly waive his *Miranda* rights, he did so implicitly by willingly answering questions after acknowledging that he understood those rights."].)

Colin attempts to distinguish *Berghuis* and other cases that have found implied waiver under closely analogous facts, arguing that because there was no evidence Colin knew how to exercise her right to remain silent or knew responding to police questions would permit introduction of those statements at trial, there was no evidence she intentionally waived her right to remain silent or to counsel. Detective Arnotti told her, "You have the right to say nothing," and then asked, "Do you understand?" and she replied, "Yes." He also told her, "Anything you say may be used against you in court," and then asked, "Do you understand?" and she again replied, "Yes." He then told her, "You have the right to an attorney and have an attorney present before and during

5

questioning," and then asked, "Do you understand?" and she again replied, "Yes." There was ample evidence Colin knew she could remain silent, responding to police questions would permit introduction of those statements at trial, and that she was entitled to an attorney who would be present before and during questioning. Her conduct of answering his questions, despite knowing and understanding these rights, persuades us she knowingly and voluntarily waived her right to remain silent or to counsel even though she did not expressly say she wanted to waive those rights.

## DISPOSITION

The judgment is affirmed.


McDONALD, J.

WE CONCUR:

NARES, Acting P. J.

IRION, J.

6